UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON WILLAM DOBBS, *et al.*, | Case No. 3:25-cv-00202-MMD-CLB |
| Plaintiffs, | ORDER |
| v. | |
| DARIN BALAAM, *et al.*, | |
| Defendants. | |

    Plaintiff Jason William Dobbs initiated this case on behalf of himself and Plaintiff Antonio Acosta. Dobbs filed an application to proceed *in forma pauperis* ("IFP Application") as well as a Complaint signed only by him. (ECF Nos. 1, 1-1.) On May 12, 2025, the Court explained that Dobbs cannot file documents on Acosta's behalf and that Acosta must file his own IFP application as well as a copy of the Complaint bearing his signature. (ECF No. 5.) The Court set a deadline of July 11, 2025 to file these documents.

    Dobbs filed a motion requesting an extension for Acosta to file an IFP application and a signed copy of the Complaint. (ECF No. 7.) In his motion, Dobbs also states that the Nevada Department of Corrections ("NDOC") has a process to allow inmates in different prisons to exchange privileged communications about an ongoing court case. (*Id.* at 2.) This would allow him to communicate with Acosta about the case and would allow him to assist Acosta, who has limited English comprehension, with following the Court's orders. (*Id.*) Although Dobbs has requested to be approved for communication with Acosta, NDOC officials have not yet processed his request. (*Id.*) In addition to requesting an extension for Acosta to file his IFP application and a signed copy of the Complaint, Dobbs requests that the Court direct NDOC to approve his request for privileged communications with Acosta. (*Id.* at 3.)

As the Court previously explained, under Rule 11 of the Federal Rules of Civil Procedure, a plaintiff who is not represented by counsel is required to sign any pleading, including the Complaint. Fed. R. Civ. P. 11(a). Moreover, *pro se* litigants have no authority to represent anyone other than themselves. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Thus, Dobbs cannot represent Acosta or file documents on his behalf. Acosta, himself, must sign every pleading filed, including the Complaint and any motions pertaining to him. Because Acosta did not sign the motion for an extension of time to file an IFP application, the Court denies the motion. However, because this case is still at the pre-screening stage, the Court will extend the deadline for Acosta to file a complete IFP application as well as a signed copy of the Complaint until November 3, 2025.

As for Dobbs's request that the Court direct NDOC to approve his request to communicate with Acosta, the Court denies the motion without prejudice. Dobbs does not allege any detailed facts about when he initiated his request or how long such a request normally takes to process. He does not allege that there has been any inappropriate delay.

Moreover, the Court notes that it is not clear why Dobbs needs to exchange privileged communications at this time. The next step in this case is for Acosta to file an IFP application and a signed copy of the Complaint. To the extent that Dobbs needs to explain that to Acosta, he can do so through non-privileged communication channels, such as regular mail. Nothing about the Court's order or the requirement that Acosta file an IFP application and a signed copy of the Complaint is confidential.

It is therefore ordered that Dobbs's motion requesting the Court extend the deadline for Acosta to file an IFP application and a signed Complaint (ECF No. 7) is denied.

It is further ordered that Dobbs's request that the Court direct NDOC to process and approve his request for privileged communications with Acosta is denied without prejudice.

It is further ordered that, no later than November 3, 2025, Acosta must either pay the full $405 filing fee or file a fully complete IFP application with all three required documents: (1) a completed application with the inmate's two signatures on page three, (2) a completed financial certificate that is signed by both the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

It is further ordered that, no later than November 3, 2025, Acosta must file a copy of the Complaint bearing his signature and attesting that the allegations in the Complaint are true under penalty of perjury and file his own IFP application.

It is further ordered that that the Clerk of the Court is directed to send a courtesy copy of this order, the Complaint (ECF No. 1-1), the approved form IFP application for an inmate, and instructions for the same to Plaintiffs Antonio Acosta and Jason Willam Dobbs.

DATED THIS 1st Day of August 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE