Jason William Dobbs 1292724
Name and Inmate Booking Number

Lovelock Correctional Center
Place of Confinement

1200 Prison Road
Mailing Address

Lovelock, NV 89419
City, State, Zip Code

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Jason William Dobbs ,
                                    Plaintiff

vs.

(1) Darin Balaam ,

(2) See additional pages for defendants ,

(3) _____ ,

(4) _____ ,

(5) _____ ,
                                  Defendant(s).

Case No. 3:25-cv-00202-MMD-CLB
(To be supplied by Clerk of Court)

## CIVIL RIGHTS COMPLAINT
## BY AN INMATE

☐ Original Complaint

☑ First Amended Complaint

☐ Second Amended Complaint

☑ Jury Trial Demanded

### A.   JURISDICTION

1)   This Court has jurisdiction over this action pursuant to:
☑ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)
☐ Other: _____

2)   Institution/city where Plaintiff currently resides: LCC / Lovelock

3)   Institution/city where violation(s) occurred: Washoe County Jail /Reno ; LCC /Lovelock

The County of Washoe,

Naphcare,

John Doe Venn,

John Doe,

John Doe Lux,

John Doe Hughes,

John Doe Ching,

John Doe,

John Doe Bohl,

John Doe Fowler,

John Doe Breitenbach,

Kenneth Williams,

John Doe Marks,

John Doe Parks

Page Number 1-A

## B.    DEFENDANTS

1. Name of first Defendant: _Darin Balaam_. The first Defendant is employed as:
_Sheriff_ at _Washoe County Sheriff's Office_.
(Position of Title)　　　　　　　　　　　　　　　　　(Institution)

2. Name of second Defendant: _The County of Washoe_. The second Defendant is employed as:
_____ at _____.
(Position of Title)　　　　　　　　　　　　　　　　　(Institution)

3. Name of third Defendant: _Naphcare_. The third Defendant is employed as:
_Medical Provider_ at _Washoe County Jail_.
(Position of Title)　　　　　　　　　　　　　　　　　(Institution)

4. Name of fourth Defendant: _John Doe Venn_. The fourth Defendant is employed as:
_Captain_ at _Washoe County Jail_.
(Position of Title)　　　　　　　　　　　　　　　　　(Institution)

5. Name of fifth Defendant: _John Doe_. The fifth Defendant is employed as:
_Grievance Supervisor_ at _Washoe County Jail_.
(Position of Title)　　　　　　　　　　　　　　　　　(Institution)

**If you name more than five Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.    NATURE OF THE CASE

Briefly state the background of your case.

During transport to court unsafe conditions were ignored and created, endangering the Plaintiff's Safety and resulting in further injury to an existing issue. This created further pain and suffering that was then regarded with indifference by the defendants, ultimately leading to the failure of proper medical care/diagnosis. There is a historical pattern of transport related injuries and overall Safety issues, as well as improper medical at Washoe County Jail that led to the Plaintiff's further injury and continued pain/suffering. This indifference to his serious injury was continued after the Plaintiff was transferred into NDOC custody. This indifference occurred specifically at Lovelock Correctional Center (LCC) where there has been chronic under staffing and inadequate medical care.

2

6. Name of sixth Defendant: John Doe Lux. The sixth Defendant is employed as: Sargent at Washoe County Sheriff's Office

7. Name of seventh Defendant: John Doe Hughes. The seventh Defendant is employed as: Deputy at Washoe County Sheriff's Office

8. Name of eighth Defendant: John Doe Ching. The eighth Defendant is employed as: Deputy at Washoe County Sheriff's Office

9. Name of ninth Defendant: John Doe . The ninth Defendant is employed as: Director of Jail Operations at Washoe County Jail

10. Name of tenth Defendant: John Doe Bohl. The tenth Defendant is employed as: Naphcare RN Supervisor at Washoe County Jail

11. Name of eleventh Defendant: John Doe Fowler. The eleventh Defendant is employed as: Naphcare Charge RN at Washoe County Jail

12. Name of twelfth Defendant: Breitenbach. The twelfth Defendant is employed as: Warden at Lovelock Correctional Center

13. Name of thirteenth Defendant: Kenneth Williams. The thirteenth Defendant is employed as: Director of Medical at Nevada Department of Corrections

14. Name of fourteenth Defendant: John Doe Marks. The fourteenth Defendant is employed as: Physician (Provider) at Lovelock Correctional Center

15. Name of fifteenth Defendant: John Doe Parks. The fifteenth Defendant is employed as: Director of Nursing at Lovelock Correctional Center

Page Number 2-A

### D. CAUSE(S) OF ACTION

### CLAIM 1

1. State the constitutional or other federal civil right that was violated: 14th Amendment right to due Process

2. **Claim 1.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

   ☐ Basic necessities          ☐ Medical care                  ☐ Mail

   ☐ Disciplinary proceedings   ☐ Exercise of religion          ☐ Property

   ☐ Access to the court        ☐ Excessive force by officer    ☐ Retaliation

   ☑ Threat to safety           ☐ Other: _____.

3. **Date(s) or date range** of when the violation occurred: September 19th, 2024 .

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 1. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

1) On Sept. 15th 2024 Defendants Hughes and Ching, working as transport deputies, entered Unit 2 at Washoe County Jail (WCJ) where Plaintiff Dobbs had resided for over 4 months as a pretrial detainee, in order to shackle six Protective Custody (PC) inmates and Dobbs for transport to court. Without any provocation, Hughes was aggressive with the inmates and showed disregard to their safety from the start by cursing at them, ignoring issues from injured/disabled inmates, and over-tightening shackles to the point of significant pain. Ching did nothing to curb this behavior and ignored the inmate issues as well. Hughes and Ching then squeezed 6 of the 7 inmates, including Dobbs, into the back compartment of an old, non-ADA van while the 7th inmate was put into a 3 person compartment by himself. One wheelchairbound inmate struggled to get into the van while no help was provided by Hughes and Ching, who seemingly smiled and laughed at his struggle, and who would've left him on the van floor if another inmate hadn't insisted on help. The extremely cramped compartment left the 6 inmates with no room to sit properly as shoulders were overlapping and legs were pressed tightly against each other or the van sides. No seatbelts were offered or asked to be put on, nor were they even accessible due to the overly confined space and shackles. Hughes and Ching ignored and created unsafe conditions with both their actions and inactions, showing malicious indifference to clear threats of safety to Dobbs that would ultimately lead to injury.

2) On the ride to court Hughes and Ching drove recklessly as they accelerated dangerously hard at each start and turn, and braked dangerously hard at each stop. Dobbs and the other

3

Inmates Knees, shoulders, and heads crashed hard into one another and the van through the entire trip, while Hughes and Ching seemingly laughed at the inmates cries of distress. Dobbs left shoulder and previously fractured clavicle suffered numerous and significant impacts due to the extreme movement of the van and his inability to secure himself. Dobbs suffered severe pain that became chronic during and after the incident that has still not healed or abated, leading him to suspect further injury. Once again Hughes and Ching showed malicious indifference to inmate safety with dangerous driving that led to further injury to Dobbs.

3) Upon information and belief, Defendant John Doe, responsible for grievance oversight at the time of the transport incident and subsequent grievances filed by Dobbs and 2 other inmates, ignored, delayed, and/or improperly routed the grievances filed on the transport incident. Numerous notes added to the grievance Dobbs sent attempted to escalate and properly direct the grievance to no avail. This occurred over several months and none of the grievances filed, including Dobbs', ever received a response related to the grievance content. This led to prolonging Dobbs pain and suffering unnecessarily as no remedy or resolution could be discussed or met. Without resolution or acknowledgment, support from the medical provider could not be directed and therefore no diagnoses or treatment was possible. This indifference to pain and suffering violated Dobbs right to due process.

4) Upon information and belief, Defendants John Doe Venn and John Doe Lux learned of the incident involving their subordinates and did nothing to fix the issue, let alone even address it. Dobbs sent 3 different Kites to 3 different command staff recipients, the final being Venn, and was never approached or responded to. An immigrant detainee sent the incident to ICE, who sent it to the Mexican Consulate.

Page Number 3-A

Upon information and belief, this caused Lux to enter the unit, but only to speak with the immigrant detainee. Dobbs and this other inmate both spoke to Lux in person and relayed the issue directly, however Lux failed to take any action or attempt any resolution to the issue. Both Venn and Lux ignored the threat to safety their subordinates created and could possibly create in the future for Dobbs, additionally prolonging his pain and suffering by not even acknowledging the incident.

5) Upon information and belief, Defendants Darin Balaam, John Doe Venn, and John Doe Lux have allowed a pattern of unsafe conditions in transport by failing to adequately train and supervise subordinates, and failing to use appropriate policy or using improper policy. In 2022 an inmate named Juan Macias was injured during transport to/from dialysis seriously due to transport deputies failure to provide safe conditions and/or act appropriately. There is a current, ongoing lawsuit of deputies failures with another inmate who has been injured permanently while being transported to/in Court. The wheelchair bound immigrant detainee experienced another transport incident where deputies recognized the need for an ADA van, but proceeded to place him in yet another non-ADA van for transport. Yet another inmate involved in the incident at the center of this lawsuit had previously been transported by Hughes and Ching, and they drove just as recklessly and without securing the inmate with a seatbelt. This pattern of inmate injury and unsafe conditions caused by transport deputies, and more importantly by the failure of Balam, Venn, and Lux to create and enforce appropriate policy and train and supervise subordinates despite numerous issues spanning years, led directly to the unsafe conditions that led to Dobbs injury, pain, and suffering, in violation of his due process.

6) Upon information and belief, The County of Washoe (WC) is responsible for

Page Number 3-B

bad budget and safety policies that have led to a pattern of abuses in procedural safeguards in inmate transport by Washoe County Sheriff's Office. As a child entity of WC, WCSO is responsible for following transportation regulations on a Federal and State level, but also on a County level. A history of transport abuses by WCSO, including the current incident, shows that current County policy is ineffective and is allowing these abuses to continue occurring. With proper budget policy WCSO should not be using transport vehicles with inadequate capacity, safety features, monitoring, and ADA capability as they currently are doing, and which contribute continually to transport abuses. These ineffective policies and the ignoring of their negative effects on the WCSO inmate population ultimately led to the unsafe transport that injured Dobbs and caused pain and suffering that he is still dealing with today, in violation of his due process.

Page Number 3-C

## CLAIM 2

1. State the constitutional or other federal civil right that was violated: <u>14th Amendment right to due process</u>

2. **Claim 2.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

   ☐ Basic necessities      ☑ Medical care            ☐ Mail

   ☐ Disciplinary proceedings   ☐ Exercise of religion    ☐ Property

   ☐ Access to the court    ☐ Excessive force by officer   ☐ Retaliation

   ☐ Threat to safety       ☐ Other: _____.

3. **Date(s) or date range** of when the violation occurred: <u>Sept. 2024 to Jan. 2024</u>.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 2. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

1) Defendant Naphcare, while contracted as Washoe County Jail's medical provider, left Dobbs injuries from a transport issue undiagnosed and untreated. Despite sending numerous medical kites and ultimately filing a grievance, Naphcare showed deliberate indifference to Dobbs pain and suffering by violating the medical kite response policy significantly and constantly, violating the grievance response policy significantly, and never provided any steps to diagnose any further injury post transport incident despite Dobbs serious injury and resultant pain. This deliberate indifference to Dobbs serious medical need violated his right to due process, and therefore adequate medical care.

2) Defendant Naphcare caused undue pain and suffering for Dobbs by creating a medication mixup unnecessarily and without having him see a provider, and then forcing him to see a provider to fix the issue and ultimately charging him for that visit. This medication mixup occurred before the transport incident but continued well after the incident when Dobbs was in severe pain. Multiple kites and a grievance were filed, but delays in answering and forcing him to see a provider left Dobbs in pain for much longer than was reasonable, as they ignored claims of further injury after the transport incident. This deliberate indifference to Dobbs pain and suffering, and failure to provide adequate medical care violated his right to due process.

3) Defendant John Doe, employed as the Director of Jail Operations (DJO) at the time, showed

4

deliberate indifference to Dobbs serious injury by claiming what was done thus far was enough as treatment, basing this off of medical recommendation from before the transport incident. This response was months after the incident showing serious delay and prolonging Dobbs pain and suffering, and ultimately providing wholly inadequate medical care. This indifference and inadequate care was a violation of Dobbs right to due process.

4) Defendant John Doe (DJO) showed deliberate indifference to Dobbs pain and suffering by ignoring his claims of improper care, delay of care, and Naphcare's responsibility in the medication mixup. Moreover, Doe ignored the further injury from the transport incident as justification for waiver of medical charge for pain medication. The significant delay and indifference to Dobbs injury from the transport incident is directly responsible for the inadequate medical care, violating his right to due process.

5) Defendant John Doe Bohl, showed indifference to Dobbs serious injury and delayed care unnecessarily. Bohl answered Dobbs grievance past the response policy timeframe and then blamed the further injury from the transport incident as being caused by Dobbs. Bohl ignored Dobbs claims of pain and injury, violating his right to due process.

6) Defendant John Doe Fowler showed indifference to Dobbs pain, suffering, and serious injury by ignoring his claims of further injury from the transport incident, delay of care, and Naphcare's responsibility in the medication mixup and charge. Ultimately, Fowler, like John Doe (DJO), cites medical decisions based on information from before the transport incident. Fowler's indifference was directly responsible for the inadequate medical care to Dobbs serious injury, violating his right to due process.

Page Number  4 - A

7) Upon information and belief, Defendants Balaam, Venn, and Naphcare have knowingly allowed a pattern of substandard medical care at WCJ to negatively affect the inmate population. Among inmates, deputies, civilian staff, and even Naphcare staff, it is common knowledge that Naphcare does not provide adequate healthcare to inmates. Numerous medical issues ranging from psych, medical, and dental were delayed or inadequately treated for Dobbs while in custody at WCJ. Numerous other inmates have experienced ignored, delayed, or improperly treated issues. Grievances and medical kites show that Balaam, Venn, and Naphcare failed to supervise and enforce policy, allowing inadequate medical care to become the standard of care at WCJ. This failure of proper medical care led directly to the violation of Dobbs due process rights through indifference to serious injury.

Page Number 4-B

## CLAIM 3

1. State the constitutional or other federal civil right that was violated: _8th Amendment right to be free from cruel and unusual punishment._

2. **Claim 3.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

   ☐ Basic necessities       ☑ Medical care            ☐ Mail

   ☐ Disciplinary proceedings   ☐ Exercise of religion     ☐ Property

   ☐ Access to the court      ☐ Excessive force by officer   ☐ Retaliation

   ☐ Threat to safety        ☐ Other: _____.

3. **Date(s) or date range** of when the violation occurred: _Feb. 2025 to Present_.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 3. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

1) Defendants John Doe Marks and John Doe Parks showed deliberate indifference to Dobbs serious medical need by ignoring medical Kites or providing inadequate advice, such as "rest". Dobbs entered NDOC custody in Jan. 2025 and was moved to the Lovelock Correctional Center (LCC) in Feb. 2025, where he had an xray that determined his fractured clavicle had healed. The pain, limited movement, and limited lift capability remained as it had since a transport incident at WCJ, indicating soft tissue damage that has never been diagnosed. Despite Dobbs Kites to medical for a year regarding significant pain and interference in daily activity, as well as the injury history, no action was taken by medical to diagnose or treat the issue. Marks and Parks, as sole provider on the LCC yard and the Director of Nursing, respectively, are in charge of providing medical advice on Kites and review of significant issues. Marks and Parks deliberate indifference to Dobbs serious medical need prolonged his pain and suffering, violating his right to adequate medical care.

2) Defendants Marks and Parks never scheduled Dobbs to see the provider (Marks) and Dobbs has yet to see a provider. Due to this fact, any damage outside of the fractured clavicle, such as soft tissue damage, has remained undiagnosed, let alone treated. Marks and Parks deliberate indifference to his serious medical need has left Dobbs in pain and undiagnosed, with further possible degeneration of the injury

**If you assert more than three claims, answer the questions listed above for each additional claim on a separate page.**

in violation of his right to adequate medical care.

3) Defendants Marks and Parks discontinued Dobbs pain meds and would not renew them without a provider visit. As Dobbs has yet to see a provider in the year he has been at LCC; it has been impossible to have them renewed. Dobbs has gone months without pain medication, increasing the severity of his pain and suffering due to Marks and Parks deliberate indifference, violating Dobbs right to adequate medical care.

4) Upon information and belief, Defendant John Doe Breitenbach knew about Defendant Marks alleged drug and alcohol issues, which affected his ability to properly diagnose and treat the inmate population, including Dobbs. This is supported by the fact that he was recently let go as the full time provider at LCC. These problems were well known by the inmate population as well, as Marks often times stank of alcohol. By allowing Marks to continue as primary provider at LCC, Breitenbach created a pattern of inadequate medical care to the inmate population, including Dobbs and his injury, violating his right to adequate medical care.

5) Defendant Breitenbach has known about and done nothing to remedy LCC's chronic medical understaffing. A single provider with alleged substance abuse problems and constant nurse staffing issues has created significant delays in medical care, including Dobbs care. An orientation video that is years old admits to nursing being under staffed, the single dentist for LCC admits to being 400+ patients behind, and numerous inmates wait months for medical or dental care. Many grievances and lawsuits have been filed citing these medical shortcomings, and therefore alerting Breitenbach to the issue. Breitenbach's refusal to remedy the medical staffing issues

Page Number 5-A

has led directly to the inadequate medical care of Dobbs serious injury in violation of his 8th Amendment rights.

6) Upon information and belief, Defendant Kenneth Williams, as Director of Medical of NDOC, is aware of LCC's medical issues. Staffing issues such as Marks and nursing would eventually fall to him for review and decisions. Moreover, all medical grievances and lawsuits would come to him for review and decisions. These chronic issues were known and left uncorrected by Williams, directly leading to the deliberate indifference and inadequate care of Dobbs serious injury, in violation of his 8th Amendment rights.

7) Upon information and belief Defendant Williams has been operating as NDOC's Director of Medical and on their medical board without a valid medical license. All medical policy decisions including changes to any yards medical department therefore are questionable, including policies in care and staffing that have directly affected the lack of treatment or diagnosis of Dobbs serious injury. Williams actions and/or inactions without a medical license have led to inadequate care in violation of Dobbs right to proper medical care.

Page Number 5-B

## E.    PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while incarcerated?         ☐ Yes    ☑ No

2.  Has this Court or any other court designated you as subject to "three strikes" under 28 U.S.C. § 1915(g)?         ☐ Yes    ☑ No

3.  If you have "three strikes" under 28 U.S.C. § 1915(g), does this complaint demonstrate that you are "under imminent danger of serious physical injury?"         ☐ Yes    ☑ No

## F.    REQUEST FOR RELIEF

I believe I am entitled to the following relief: 1) Granting Plaintiff Dobbs a declaration that the acts and omissions described herein violated his rights under the Constitution and laws of the United States, and

2) A permanent injunction ordering Defendants John Doe Breitenbach and Kenneth Williams to provide proper medical Staffing commensurate with population and need across NDOC but more Specifically LCC, and

3) A permanent injunction ordering Defendants John Doe Breitenbach and Kenneth Williams

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** *See* 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_____
(name of person who prepared or helped
prepare this complaint if not the plaintiff)

_____
(signature of plaintiff)

2-12-26
_____
(date)

## ADDITIONAL PAGES

You must answer all questions concisely in the proper space on the form.  Your complaint may not be more than 30 pages long.  It is not necessary to attach exhibits or affidavits to the complaint or any amended complaint. Rather, the complaint or any amended complaint must sufficiently state the facts and claims without reference to exhibits or affidavits. If you need to file a complaint that is more than 30 pages long, you must file a motion seeking permission to exceed the page limit and explain the reasons that support the need to exceed 30 pages in length.

6

to provide proper medical diagnoses and treatment to Dobbs clavicle and shoulder regardless of cost, and any future complication resulting from the incident and subsequent time being ignored, and

4) Granting Plaintiff Dobbs compensatory damages in the amount of $50,000.00 against each defendant, jointly and severally, and

5) Granting Plaintiff Dobbs punitive damages in the amount of $250,000.00 against each Defendant Hughes and Ching, and the amount of $75,000.00 against each Defendant Naphcare, LVX, Marks, and Breitenbach, and the amount of $50,000.00 against each Defendant Doe (Grievance Supervisor), Doe (DOJ), Bohl, Fowler, and Parks, and

6) Plaintiff also seeks recovery of his costs in this suit, and
Any additional relief this court deems just, proper, and equitable.

Page Number 6-A